IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GREGORY LINSTON GILLILAN, :
:
        Plaintiff :
:
VS. :     CIVIL ACTION NO. 5:11-CV-151 (CAR)
:
Ms. POPE, :
:
        Defendant :
_____ :    **ORDER**

Plaintiff **GREGORY LINSTON GILLILAN,** presently incarcerated at Johnson State Prison in Wrightsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. Plaintiff has not paid the $350.00 filing fee or sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). However, because Plaintiff has not paid the filing fee, the Court will assume he wishes to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the following: The doctrine of separation of powers; an inmate's right of access to the courts; an inmate's right to due process of law; or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). ***Rivera v. Allin***, 144 F.3d 719, 721-27 (11th Cir. 1998), ***abrogated on other grounds by Jones v. Bock***, 549 U.S. 199 (2007).

A review of court records reveals that Plaintiff has a prolific filing history. In fact, since

2006 he has filed approximately 159 civil actions in the United States District Courts for the Middle and Southern Districts of Georgia. At present, at least eleven (11) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: **Gillian v. Pollark,** 1:07-CV-50 (WLS)(M. D. Ga. April 4, 2007); **Gillilan v. Galloway**, 1:06-CV-71 (WLS)(M. D. Ga. March 5, 2007); **Gillilan v. Scarborough**, 1:05-CV-172 (WLS)(M. D. Ga. February 2, 2007); **Gillilan v. Harrison**, 1:06-CV-176 (WLS)(M. D. Ga. January 31, 2007); **Gillilan v. Bell**, 1:07-CV-3 (WLS) (M. D. Ga. January 11, 2007); **Gillilan v. Thomas**, 1:06-CV-122 (DHB)(S. D. Ga. January 10, 2007); **Gillilan v. Johnson**, 1:06-CV-177 (WLS)(M. D. Ga. January 8, 2007)( Additionally, a later appeal was dismissed as frivolous in this case on April 25, 2007); **Gillilan v. Cannon**, 1:06-CV-114 (WLS)(M. D. Ga. August 8, 2006); **Gillian v. Hilton**, 1:05-CV-133 (WLS)(M.D. Ga. August 18, 2006)(Additionally, a later appeal was dismissed in this case on May 8, 2007).

Because Plaintiff has had at least eleven (11) prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g). Plaintiff alleges that on April 13, 2011 Lt. Dexter Irvin informed Defendant Pope that Plaintiff needed his seizure medication. Plaintiff states that Ms. Pope told Lt. Irvin that Plaintiff should have received his medication that morning. Plaintiff states that he was "denighed (sic) seizure meds (sic)." Plaintiff requests the Court to "Order Defendant to provide service by law."

Plaintiff's allegations regarding "imminent danger of serious physical injury" are vague and speculative at best. **Skillern v. Paul**, 2006 U.S. App. LEXIS 24841 at *4 (11th Cir. October 4, 2006)(explaining that "vague statements do not satisfy the dictates of § 1915(g)"); **Cole v. Tifft**, 2009 U. S. Dist. LEXIS 99529 at *3-*4 (N. D. Fla. August 14, 2009)(explaining that hypothetical and speculative danger does not establish "imminent danger of serious physical injury"). Plaintiff's claim that other inmates have been found "dead from seizures and heart attacks" does not show he

is in imminent danger of serious physical injury. Moreover, there is no way for the Court to provide any of the relief that Plaintiff seeks in this litigation. When Plaintiff filed this suit, he was incarcerated at Macon State Prison and Ms. Pope is employed at Macon State Prison. Plaintiff has since been transferred to Johnson State Prison. Under established law in this circuit, a prisoner's claim for injunctive relief is mooted by his transfer to another prison. ***Zatler v. Wainwright***, 802 F.2d 397, 399 (11th Cir. 1986); ***Wahl v. McIver***, 773 F.2d 1169, 1173 (11th Cir. 1985). In other words, the Court cannot order Ms. Pope " to provide services by law" because Plaintiff is no longer incarcerated at the prison where she works.

Therefore, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.[1]

**SO ORDERED**, this 26th day of April, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

[1] In ***Dupree v. Palmer***, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Plaintiff should be aware that even if he should pay the full filing fee and re-file this action, there would be no way for the Court to grant Plaintiff the injunctive relief he requests against this Defendant.